**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1256-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

EDWARD O. MCKINNEY,

 Defendant-Appellant.

---

Submitted October 24, 2018 – Decided  December 18, 2018

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 12-03-0170.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel; William P. Welaj, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Edward McKinney appeals from the denial of his petition for post-conviction relief (PCR), contending trial counsel[1] were ineffective, and the PCR court improperly denied his petition without an evidentiary hearing. Because we conclude an evidentiary hearing is appropriate on the sole issue of whether trial counsel were ineffective during the plea stage of the proceedings, we reverse.

During the pre-trial conference on July 13, 2012, all parties agreed the plea offer was a ten-year prison term with an eighty-five percent period of parole disqualification. The judge discussed with defendant, that if he rejected the plea and was found guilty of one of the first-degree offenses, he could receive an extended term sentence between ten years and life in prison. Defendant stated he understood the potential consequences of a conviction, but wished to proceed with the trial scheduled for August 13, 2012. He signed the pretrial memorandum on the same day.

The following week, on July 20, defense counsel wrote to defendant, answering questions defendant had raised in a phone call to her office. At the end of the letter, she advised:

---

[1] Defendant was initially represented by a staff attorney from the Office of the Public Defender. After defendant complained, the Office reassigned his case to a private pool attorney. See N.J.S.A. 2A:158A-7(c) to (d).

> I have engaged the prosecutor in further plea negotiations based on what I believe to be witness availability issues and inappropriate comments made during his colloquy with the grand jury. He indicated that he would accept a plea to a second-degree robbery in exchange for a sentence of [five] years, [eighty-five percent]. I know that you may not be interested, but I am obligated to advise you of any new plea offers.

On December 7, 2012, defendant wrote to counsel stating, "My last plea offer was [five] years, [eighty-five present] but the judge wouldn't allow me to plead out, for reasons being I don't know. But I was more than willing to accept his plea and to get the mess over with." Defendant reminded counsel he had been in jail for a year awaiting trial, and closed his letter by requesting credit for his current jail time and a plea agreement including a prison term of three years with no parole ineligibility period.

The Public Defender's office assigned defendant new counsel in January 2013, because of an alleged conflict, but the file did not reflect any action taken regarding the reduced plea offer. On the first day of trial, March 19, 2013, the new defense counsel advised the court that defendant had attempted to accept the plea offer of five years with eighty-five percent parole disqualifier but "was not allowed by the [c]ourt because [the case] was on the trial list." Counsel further stated:

Having not been directly involved and trying to read through the case file, it's not really clearly defined, as to what the case was, but Mr. McKinney has informed me on several occasions that he still would like to take that deal and would like me to present that to the [c]ourt today.

So that's what I'm doing, is to inform you that it is his request for this [c]ourt to allow him to still enter a plea of guilty to the . . . [r]obbery charge.

In response, the trial judge referred to the pre-trial memorandum containing the higher plea offer. He stated: "So I see no change in circumstances and I certainly don't see any change in circumstances that would allow me to enter a plea that was less than what was offered to him on the day we put this matter on the trial list." The judge explained that, even if a subsequent reduced offer was made, it was not offered "with the consent of the [c]ourt and the plea cutoff rule would have prohibited that offer, absent a material change in circumstances."

The case proceeded to trial, and defendant was found guilty of two counts of first-degree robbery, N.J.S.A. 2C:15-1, one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(b), and fourth-degree possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e). He was also found guilty of the lesser-included disorderly persons offense of harassment, N.J.S.A. 2C:33-4.

A-1256-17T4

Defendant was sentenced to an extended forty-five-year prison term on the first count with an eighty-five percent period of parole disqualification and concurrent terms on the remaining counts. This court affirmed defendant's convictions, but remanded for resentencing. State v. McKinney, No. A-5379-12 (App. Div. Nov. 30, 2015) (slip op at 2, 14). On remand, the trial court imposed an aggregate twenty-year prison term with an eighty-five percent parole disqualifier. We affirmed the sentence. State v. McKinney, No. A-2235-15 (App. Div. May 4, 2016).

After defendant filed a pro se petition for PCR, he was assigned counsel who filed a supplemental brief. In his supporting certification, defendant stated he "never wished to proceed to trial" and "wanted [his] attorney to negotiate the best offer possible." He advised that counsel

> did ultimately negotiate an offer which I was willing to accept. . . . However, I was then told that the [c]ourt indicated it was too late for me to plead to that offer. . . . I repeatedly asked my attorney to fight for the [c]ourt to allow me to enter a guilty plea, but I did not receive any updates until we were about to begin trial and the judge refused to allow me to plead.

Defendant included several other instances where he believed trial counsel were ineffective.

A-1256-17T4

After oral argument, the PCR court denied defendant's petition without an evidentiary hearing in a written decision issued on September 19, 2017. The judge found defendant had not established a prima facie case of ineffective counsel and an evidentiary hearing was not warranted.

Defendant presents the following issues on appeal:

POINT I:

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST[-]CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM EITHER TRIAL COUNSEL DURING THE PLEA STAGE OF THE PROCEEDINGS.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO MAKE A MOTION SEEKING TO SUPPRESS THE STATEMENT OBTAINED BY LAW ENFORCEMENT FROM THE DEFENDANT.

A-1256-17T4

D. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO OBJECT TO TESTIMONY ELICITED BY THE STATE FROM TWO POLICE OFFICERS INFERENTIALLY CONNECTING THE DEFENDANT WITH PRIOR CRIMINAL CONDUCT.

POINT II:

THE POST-CONVICTION RELIEF COURT ERRED IN REJECTING THE DEFENDANT'S PETITION, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4.

Where the PCR court has not held an evidentiary hearing, a de novo review is appropriate. State v. Harris, 181 N.J. 391, 420-21 (2004).

All of defendant's claims allege the ineffective assistance of counsel. The standard for determining whether counsel's performance was ineffective under the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet the two-prong test establishing: (l) counsel's performance was deficient and he or she made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the

A-1256-17T4

result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 687, 694.

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief . . . [t]o establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim . . . will ultimately succeed on the merits.
>
> <u>R.</u> 3:22-10(b).

However, merely raising a claim for PCR does not entitle defendant to an evidentiary hearing.  <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999).

Where "defendant's allegations are too vague, conclusory or speculative," the court shall not grant an evidentiary hearing.  <u>R.</u> 3:22-10(e)(2); <u>see also</u> <u>Cummings</u>, 321 N.J. Super. at 170 (reasoning that "bald assertions" of ineffective assistance are insufficient to sustain a claim for PCR or warrant an evidentiary hearing).  Rather, "defendant must allege specific facts and evidence supporting his allegations" for the court to grant an evidentiary hearing.  <u>State v. Porter</u>, 216 N.J. 343, 355 (2013).

Defendant argues both his trial counsel were ineffective during the plea stage of the proceedings, in their failure to file a motion to suppress his statement, and in not objecting to certain testimony elicited at trial.  We are satisfied defendant failed to establish a prima facie case of ineffective assistance of counsel regarding his

contentions that counsel failed to file a Miranda[2] motion and object to certain testimony. We affirm those rulings substantially for the reasons expressed by the PCR judge in her September 19, 2017 written decision.

We conclude differently in our review of defendant's contention of error in the dismissal of his ineffective assistance of counsel claim without an evidentiary hearing in regard to the plea proceedings.

In Lafler v. Cooper, 566 U.S. 156, 162-63 (2012), the United States Supreme Court extended the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel. "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Id. at 168. To establish prejudice, a defendant must show "there is a reasonable probability that . . . the defendant would have accepted the plea[,] . . . that the court would have accepted its terms, and that the conviction or sentence, . . . under the offer's terms would have been less severe" than that imposed after trial. Id. at 164.

Here, defendant has shown, through written correspondence, that the State extended a significantly reduced plea offer within a week of the plea cut-off. He also indicated, in that correspondence and his PCR brief, that he would have

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

accepted the reduced plea. Instead, defendant proceeded to trial, where he received a sentence nine times more severe than under the revised plea agreement.[3] Therefore, defendant has demonstrated "but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687.

Because we find defendant has met the Strickland/Fritz test in demonstrating with "reasonable probability" that the result would have been different if his attorney had contacted the court regarding the reduced plea offer, we determine a remand is appropriate for an evidentiary hearing. Without a hearing, we cannot know why the court was not immediately apprised of the new offer. With the reduced plea so near in time to the pretrial memorandum, it was incumbent on both trial counsel to seek an exception to the plea cut-off and assert a change in material circumstances pursuant to Rule 3:9-3(g). On remand, an evidentiary hearing shall be conducted solely to determine whether defense counsel were ineffective in failing to take the appropriate action of alerting the court to defendant's desire to accept the significantly reduced plea offer.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The sentence ultimately imposed upon remand was four times more severe than the revised plea offer.

A-1256-17T4